Teahan. J.
This case comes before us upon cross-appeals following a finding for the defendant on a single Chapter 93A count arising out of a claim made by the plaintiff under his automobile insurance policy following theft of his vehicle on August 7,1990.
PLAINTIFFS APPEAL
The trial judge made extensive findings of fact. The plaintiff filed twelve requests for rulings of law. All were allowed. No rulings on evidence under Dist./ Mun. Cts. R. Civ. R, Rule 64(a) are at issue. The Report indicates that the plaintiff claims to be aggrieved by three findings:
(1) that Marcy Fellion was a customary operator of plaintiffs vehicle;
(2) that Marcy Fellion was a household member as that term is defined in the Massachusetts Automobile Insurance Policy;
(3) that Marcy Fellion should be considered related to the plaintiff, Brian Coughlin, by blood, marriage or adoption, by virtue of the child that she and the plaintiff created together. (Report p.5)
The Court having allowed all plaintiffs requests for rulings of law, review under Dist./Mun. Cts. R. Civ. E, Rule 64 is precluded. We examine the plaintiffs claims under Dist./Mun. Cts. R. Civ R, Rule 52 in light of the Courf s written findings.
(1) CUSTOMARY OPERATOR FINDING
The Court found the plaintiff misrepresented the place of garaging the vehicle when he applied for automobile insurance listing his residence and principal place of garaging the vehicle as his father’s address at 56 Burnside Terrace in Springfield. As of the inception of insurance coverage on a 1983 Buick Regal in June 1990, the plaintiff lived with Marcy Fellion (“Fellion”). At all times relevant to the case the vehicle was kept at 231 Beacon Circle in Springfield. The plaintiff was living with her on August 7, 1990, the date the car was stolen, and a child was born to them that same week. Additionally, the Court found the plaintiff failed to list Fell-ion as a “household member” and a person who regularly operated the vehicle in his application for insurance.
The finding from which plaintiff claims to be aggrieved is wholly one of fact. There is no appellate issue.
(2) FINDING OF MARCY FELLION AS A HOUSEHOLD MEMBER AND RELATED BY BIRTH OF CHILD
The Court, notwithstanding a policy definition to the contrary, found Ms. Fell- *164 ion to be a “household member” as of the inception of the policy.[1] When the policy was purchased in June 1990 Fellion and the plaintiff were living together and she was pregnant with his child. The Court found the car was stolen August 7, 1990, “the week their child was born.” No factual finding was made whether the child’s birth preceded or post-dated the theft of the vehicle. The operative finding of the Court states: “The Court finds that Ms. Fellion is a household member of the plaintiff and (emphasis in original finding) related to him by virtue of the child they created. To treat this couple differently than one joined by the bonds of matrimony would be discriminatory.” (Report, Tab 8, Findings and Order, p.3)
In its letter denying the plaintiffs claim under its policy the defendant cited the “false information” provisions of the policy in asserting its investigation revealed Fellion to be a household member and one who customarily drove the vehicle. That provision provided that false information regarding the place of principal garaging or the names of the operators “required to be listed” may result in refusal to pay a claim. (“Policy Definitions,” Report, Tab 2, para 18) The policy provisions continue under “Changes Which Affect Premium” to recite that changes in information contained in the application before the expiration of the policy gives the insurer the right to adjust the premium. (“Policy Definitions,” Report, Tab 2, para 19)
Without needing to reach the issue of Fellion’s status as a “household member,” it is clear that ample reasons exist in the Court’s findings of fact independent of the finding of Fellion as a “household member” to support the ultimate finding of material misrepresentation. Those include the findings that plaintiff misrepresented both the principal place of garaging and Fellion’s status as a regular operator of the vehicle. Under the policy provisions false information regarding such matters entitled the defendant to refuse to honor a theft claim.
The answer of the defendant at “Third Defense” notified the plaintiff of its intent to prove that “material misrepresentations” in the plaintiff’s application “rendered the policy... void.”
DEFENDANTS APPEAL
The defendant’s claim to be aggrieved lies from the Court’s denial of a motion for reconsideration of findings filed after entry of judgment on defendant’s behalf. No review under Dist./Mun. Cts. R. Civ. R, Rule 64 lies as the defendant’s requests for rulings of law were all allowed except for two not regarding this issue. The Court’s denial of the defendant’s motion to reconsider was discretionary on these facts. Given our disposition of the plaintiff’s claim, the defendant’s contention is moot and need not be reviewed.
The Report is dismissed.

The operative definition of “Household Member” contained in the policy includes “anyone living in your household who is related to you by blood, marriage or adoption. This includes wards or foster children.” (Report, Tab 2 captioned “Definitions”)